J. W. SMITH v. GRANVILLE SMITH, &c.

Mortgages—Foreclosure—Notice of Prior Conveyance—Record.

> In the absence of record notice, a mortgagee of an undivided interest in lands is held to be entitled to a foreclosure, as against an unrecorded bond for title executed prior to the mortgage.

APPEAL FROM BREATHITT CIRCUIT COURT.

October 5, 1870.

OPINION OF THE COURT BY JUDGE HARDIN:

A. B. Patrick and the appellant, J. W. Smith, owned jointly a large tract of land lying on both sides of the North Fork of the Kentucky River, including coal lands on the South side of the river, and on the 26th of November, 1860, Patrick sold and conveyed to Smith and A. P. Williams jointly, his interest in the whole tract, describing it as an undivided moiety in all the land and coal lands on both sides of the river, and on the 11th of December, 1865, Williams made a deed of mortgage of his interest in the land so acquired to the appellee, Granville Smith, to secure a debt of about $1500, and this suit was brought by Smith for a foreclosure of that mortgage.

The appellant filed an answer resisting the relief sought as to the land on the South side of the river, on the ground that in 1859, he and Patrick, then the joint owners, had divided the land between them, making the river the line, and he taking the land on the South side and Patrick that lying on the North side of the river, and he set forth a bond from Patrick covenanting to convey his title to the land on the South side of the river accordingly, and alleged that he had executed a bond also for a conveyance to Patrick of the land on the North side, except his interest in certain mills.

On the pleadings and exhibits only, no testimony being taken by either party, the court adjudged a foreclosure of the mortgage, and decided that Williams' interest, embraced and conveyed by the mortgage, was an undivided fourth part of all the land as described in the deed of Patrick, and the mortgage, and was not

restricted to the North side of the river by the alleged agreement between the appellant and Patrick, made in 1859. And to reverse that judgment this appeal is prosecuted.

As the appellant, as well as Williams, derived and claimed title under the deed of Patrick, to one fourth of the land, described as an undivided interest in the whole tract, and it does not appear that the appellee when he accepted the mortgage from Williams, had notice of the alleged contract between the appellant and Patrick, nor even that Williams had such notice when he became a joint purchaser with the appellant, of the title and interest of Patrick, describing as extending throughout the whole of the land; the rights of the appellant under his contract with Patrick, however available they may have been against him, could not be successfully asserted as against the appellee, who must be presumed to have accepted the mortgage on the faith of Williams' recorded evidence of title, which the appellant as a co-grantor with Williams, was equitably estopped from controverting.

Wherefore the judgment is affirmed.

*Lindseys, for appellant.*

*Craddock & Trabue, for appellees.*